**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
In re:                                                                    Chapter 7

CLIVE ROY ANTHONY WILLIAMS
A/K/A CLIVE R. WILLIAMS, A/K/A
CLIVE A WILLIAMS, AKA
CLIVE WILLIAMS,                                            Case No.: **19-43213 (CEC)**
                            Debtor.


-----------------------------------------------------------------x        **ANSWER**

GREGORY MESSER, ESQ., as Trustee of the        Adv. Pro. No.:  **19-01130-cec**
Bankruptcy estate Clive Roy Anthony Williams,

                 Plaintiff,

     -against-

SOMERSET 78TH LLC,

                 Defendant.
---------------------------------------------------------x

Defendant, SOMERSET 78TH LLC, by and through his attorney Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, as and for their Answer to the Complaint dated September 24, 2019, ("the "Complaint"), of the Chapter 7 Trustee Gregory Messer, Esq. state as follows:

1. Paragraph "1, 2, 3, 4, 7, 25, 29, 30, 33, 38, 41, 42, 43, 44, 50, 55, 56, 58" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required; Defendant denies each and every allegation in paragraph "1, 2, 3, 4, 7, 25, 29, 30, 33, 38, 41, 42, 43, 44, 50, 55, 56, 58" of the Complaint and respectfully refers all questions of law to the court.

2. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph "8, 9, 11, 12, 13, 16, 19, 21, 24, 32" of the Complaint and respectfully refer all questions of law to the court.

3. Defendant denies allegations in paragraphs "10, 17, 18, 20, 23, 26, 27, 28, 31, 34, 35, 36, 37, 39, 40, 45, 46, 47, 48, 49, 51, 52, 53, 54, 57, and the Plaintiff's judgment demands as outlined on Page 9" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

4. Plaintiff has failed to state a legally cognizable claim against the Defendant upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

5. Plaintiff has failed to allege sufficient facts to state any cause of action herein.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

6. Defendant did not receive the Transfers alleged in the Complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

7. Any payments or transfers by the Debtor to the Defendant were intended as a contemporaneous exchange for new value, and in fact were substantially contemporaneous, and thus, conferred a benefit to the Debtor.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

8. Debtor was not insolvent at the time of the alleged transfer and any alleged transfers did not render Debtor insolvent.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

9. Any payments or transfers by the Debtor to the Defendant were for value given.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

10. The Defendant has received a reasonably equivalent value in exchange for any claimed transfer.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

11. At the time the Debtor allegedly paid the Defendant, as alleged in the Complaint, the Debtor was not insolvent; the Debtor was not engaged in business or a transaction for which any property remaining with the Debtor was unreasonably small capital at the time of, or as a result of, the transfers; the Debtor did not intend to incur, or believed that it would incur, debts beyond its ability to pay as such debts matured.

**AS FOR A NINTH AFFIRMATIVE DEFENSE**

12. Any alleged transfers were not made with intent to hinder, delay, or defraud present or future creditors.

**AS AND FOR THE TENTH AFFIRMATIVE DEFENSE**

13. Defendant has a right to exclusive ownership of the Subject Property pursuant to a constructive trust.

**AS AND FOR THE ELEVENTH AFFIRMATIVE DEFENSE**

14. Defendant has a right to the equity from the Subject Property pursuant to a constructive trust.

**AS FOR A TWELFTH AFFIRMATIVE DEFENSE**

15. Each of Plaintiff's causes of action are barred by the doctrine of waiver, laches, and equitable estoppel.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

16. Any alleged Transfers were taken for value in good faith and without knowledge of the voidability of the alleged Transfers.

### AS AND FOR AN FOURTEENTH AFFIRMATIVE DEFENSE

17. Avoidance of alleged Transfers will not benefit the Estate.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

18. Defendant provided Debtor with fair consideration for the transfer.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

19. Plaintiff's claims are barred by the statute of limitations.

### AS AND FOR AN SEVENEENTH AFFIRMATIVE DEFENSE

20. Plaintiff fails to plead fraud with particularity as required by CPLR 3016 and FRCP 9(b).

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

21. The Subject Property is and was worth substantially less than the $800,000 alleged in the Complaint. Further, the Subject Property has little to no equity; as such there is no available distribution for creditors

### AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE

22. The detriment to the Defendant caused by sale of the Subject Property outweighs any potential benefit to the Estate.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

23. Defendant expended personal funds for the mortgage, maintenance, and upkeep of the Subject Property. Permitting a sale of the Subject Property would lead to unjust results and a windfall for creditors.

## **AS AND FOR A TWENTY FIRST AFFIRMATIVE DEFENSE**

24. Defendant reserves the right to assert any affirmative defense available under the Bankruptcy Code, 11 U.S.C. § 101, et seq., or other applicable law, as may be discovered during the course of additional discovery and investigation.

**WHEREFORE,** Defendant respectfully requests that the Court grant the following relief:

A. Dismissal of the Complaint with prejudice; and

C. Such other and further relief as this Court may deem just and proper.

Dated:  Kew Gardens, New York
           November 20, 2019

      **/s/ Btzalel Hirschhorn**
Btzalel Hirschhorn, Esq.
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP
80-02 Kew Gardens Rd., Suite 600
Kew Gardens, NY 11415
718-263-6800
Bhirschhorn@abzlaw.com
Counsel for Defendant SOMERSET 78TH LLC